UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDROSHCHUK,<br><br>Plaintiff,<br><br>v.<br><br>POLAYO, et al.,<br><br>Defendants. | No.  2:24-cv-01914-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  The court screens plaintiff's complaint.[1]  ECF No. 1.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The]

---

[1] Plaintiff has paid the statutory filing fee.  ECF Nos. 12, 13.

1

term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff sues 1) correctional officers Polayo, Ortiz, and Merced, and 2) correctional sergeants Mendoza and John Doe 1. All defendants are employed at Kern Valley State Prison (KVSP). Plaintiff alleges that he arrived at KVSP on April 19, 2023. He was placed in an intake

holding cell at KVSP's receiving and release (R/R) entry point. He immediately informed nearby officers (Polayo and Ortiz) of his concern for his safety at KVSP, based on experiences during a previous incarceration at KVSP, "years ago." ECF No. 1 at 7. He alleges that during his previous stay at KVSP he was an "STG[2] target" at risk from other prisoners because of his crimes, and that this was documented in his file.

Polayo and Ortiz told plaintiff that his safety concerns were not yet proven or "endorsed," "because plaintiff had not experienced any new threats or physical attacks." *Id*. at 7 ¶ 17. Plaintiff asked to speak with the shift sergeant (Mendoza). While they waited for Mendoza, Polayo advised plaintiff he "needed to man up, and stop acting like my life is so in danger," while Ortiz "chimed in" that plaintiff "didn't give my victim a chance so I needed to man up as suggested." *Id*. at 7 ¶ 18. Both Polayo and Ortiz told plaintiff to "cuff up and go to my endorsed facility, and stop crying like a snitch." *Id*. at 7-8 ¶ 18.

Mendoza arrived and plaintiff reiterated that he could not go to the "D facility"[3] because of the nature of his crime, that he has an "R-suffix"[4] and is a vulnerable victim who needs protection, and that sending plaintiff to D facility was a callous response deliberately indifferent to plaintiff's safety. *Id*. at 8 ¶ 19. Mendoza told plaintiff he needed to "be a man" and allow staff to escort him to D facility, and also "'[y]ou file grievances and complaints against staff, and now you want our f***king assistance it doesn't work like that. We're all together you should know that Androshchuk, you were here before.'" *Id*. at ¶¶ 19-21.

Polayo and Ortiz escorted plaintiff to the D facility and to the custody of Merced, who was the D facility's "S.N.E."[5] *Id*. at 9 ¶ 25. Plaintiff began to cry and his "mental health conditions beg[a]n to exacerbate from mental distress." *Id*. at ¶ 24. Plaintiff relayed his safety

---

[2] "STG" is understood to be an abbreviation for the term "security threat group." *See Johnson v. Ryan*, 55 F.4th 1167, 1172 (9th Cir. 2022).

[3] This is apparently a housing unit within KVSP.

[4] The complaint does not explain the "R-suffix" designation. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (an R-suffix may indicate a sex offense).

[5] The complaint does not explain the "S.N.E." designation, but it appears to be irrelevant to plaintiff's claims against Merced.

3

concerns to Merced, including his history of being attacked during his previous stay in the D facility. Merced stated "'Look how it works here is when something happens in respect[] to your safety concerns at that time you'll be given an option [whether] you want to stay on the yard or leave by either signing off or not. That is the only way I can help you.'" *Id*. at ¶ 26. At plaintiff's request, Merced called the staff sergeant (John Doe 1). The Doe sergeant told plaintiff "Now you['re] going to D4 whatever happened was in the past don't worry." *Id*. at 10 ¶ 27.

The complaint alleges plaintiff was "brutally attacked" by "several inmates" on May 24, 2023 while he walked to receive his morning medications. *Id*. at ¶¶ 28, 29. The inmates used "unlawful force accompanied by the apparent ability to injure plaintiff." *Id*. at ¶ 29. One of the inmates is alleged to have stated "you think we forgot about you." *Id*. at ¶ 31. The complaint does not provide any further information about the attack. The complaint alleges the inmates "inflict[ed] bodily injury" and that plaintiff "sustain[ed] physical injuries," but there is no description of any physical injury from the attack. *Id*. at ¶¶ 28, 29.

The complaint alleges plaintiff was placed in a holding cage where medical personnel documented his unspecified injuries. *Id*. at ¶ 28. Plaintiff was kept in the holding cage for five hours while he alleges he "went into shock" and was "light headed, faint, vomiting" and "left in the heat … [r]esultin[g] in my symptoms exacerbating such as nausea, headaches, blurred vision, dehydrat[ion], [and] overheat[ing]." *Id*. The complaint alleges plaintiff's lengthy stay in the holding cage was retaliation for his having told unidentified custody staff about the attacker's alleged comment. *Id*. at ¶¶ 28, 31.

Plaintiff was removed from the holding cage and taken to "C facility" and thereafter he was transported to an outside hospital emergency room. *Id*. at 11 ¶ 31. The complaint does not allege the reason for the off-site transport or the treatment plaintiff received at the hospital. Plaintiff claims defendants failed to protect him from serious harm, and that he thereby suffered unspecified injuries from the attack. *Id*. at 12 ¶ 36.

Deliberate Indifference – Failure to Protect

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and

unusual punishment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). A violation of the Eighth Amendment requires a showing of both an "objective component" – the objective seriousness of the challenged condition, and a "subjective component" – the responsible official's subjective state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832. Where a prisoner alleges injuries stemming from an objectively unsafe condition of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998) (citing *Farmer*, 511 U.S. at 835). A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 832. Because the sufficiency of a conditions-of-confinement claim depends upon the particular facts of each situation, the "circumstances, nature, and duration" of the challenged conditions must be carefully considered. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Thus, a showing of deliberate indifference rests on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 847). The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer de minimis injuries. *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988), *vacated on other grounds sub nom. Denton v. Hernandez*, 112 S. Ct. 1728 (1992).

/////

Analysis of Deliberate Indifference Claims

The complaint fails to allege any failure to protect claim against correctional officers Polayo, Ortiz, or Merced because each of them is alleged to have summoned their respective sergeants (Mendoza and Doe) to address plaintiff's safety concerns. Any statements they may have made to plaintiff are irrelevant to show deliberate indifference because the complaint does not allege any of these officers had authority to make or to change plaintiff's housing assignment. The complaint instead alleges that Polayo, Ortiz, and Merced referred plaintiff's safety concerns to their sergeants which indicates they took the measures reasonably available to them regarding those concerns.

According to plaintiff's allegations, the sergeants (Mendoza and/or Doe) may have had authority to reassign plaintiff away from the D facility, but they each independently declined to do so on the grounds that plaintiff had not shown a present threat to his safety based on events that occurred "years ago." However, the complaint fails to show that sergeants Mendoza and/or Doe exposed plaintiff to a specific and substantial risk of serious harm by assigning plaintiff to the D facility, or that they were deliberately indifferent to that risk, or that plaintiff suffered any specific injury – anything more than de minimis harm or pain – as a result of the housing assignment, for the following reasons.

Regarding the attack of May 24, 2023, the complaint fails to allege the circumstances of the event that would show a serious and substantial risk of serious harm that should have been apparent to Mendoza and/or Doe as of plaintiff's arrival on April 19. The complaint alleges an attack by other inmates that was "brutal" and demonstrated an "*apparent* ability to injure plaintiff" and caused unspecified physical injury, but it does not describe the attack, the physical injury, or the severity of physical injury. *See* ECF No. 1 at 10 ¶ 29 (emphasis added). A medical evaluation was conducted while plaintiff was in the holding cage after the attack, but the complaint does not describe the results of the evaluation. Plaintiff was transported to the hospital at some point after he was transferred from the D facility to the C facility, but the complaint does not allege the reason for the transport, nor does it describe what care plaintiff received at the hospital. In summary, the complaint does not allege any specific physical injury *from the attack*

that was more than de minimis.

The complaint instead alleges specific conditions apparently related to the extended time that plaintiff spent in the holding cage after the attack and before being transferred to C facility, such as over-heating, dehydration, nausea, headaches, blurred vision, vomiting, and lightheadedness. Because these are the only specific conditions alleged in the complaint, it therefore appears that the off-site transport may have been to address these issues. The complaint thus fails to plausibly allege a greater-than-de minimis injury as a result of the attack itself. For these reasons the complaint fails to state an Eighth Amendment failure to protect claim based on the attack.

Regarding the five-hour stay in the holding cage, which appears to have led to the overheating and other conditions described in the complaint, there is no allegation that any of the defendants had any role in placing or keeping plaintiff in the holding cage.[6] Decisions that may have been made by the sergeant defendants (Mendoza and/or Doe) to house plaintiff in the D facility upon his arrival at KVSP on April 19 are too far removed from plaintiff's time in the holding cage on May 24 to state a claim of deliberate indifference.

## Retaliation

To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). The plaintiff need not allege that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-569. Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

---

[6] In particular, the complaint does not allege that the defendants who worked in the R/R entry point (Polayo, Ortiz, and Mendoza) were responsible for the confinement in the holding cage in the D facility.

Analysis of Retaliation Claims

The complaint alleges two separate instances of potential retaliation. The first adequately states a claim, the second does not. The first retaliation claim in the complaint is based on Mendoza's comment to plaintiff that "filing grievances and complaints against staff" would impede his receiving assistance. ECF No. 1 at 8 ¶¶ 19-21. Plaintiff had objected to his placement in D facility as being "deliberately indifferent" and Mendoza's comment apparently also referenced grievances and/or complaints plaintiff had made "before" – i.e., during plaintiff's previous stay at KVSP. This sufficiently alleges protected conduct. The threat to withhold assistance in changing plaintiff's housing assignment away from the D facility is sufficient under these allegations to constitute an adverse action.[7] The complaint thus plausibly states a claim against Mendoza for retaliation.

The second potential retaliation claim relates to the allegation that plaintiff's five-hour stay in the holding cage was retaliation for telling unidentified custody staff that an inmate who attacked plaintiff had commented "you think we forgot about you." ECF No. 1 at 10 ¶¶ 28, 31. The inference is that plaintiff's reporting of this comment was somehow an implicit criticism of prison officials for assessing that plaintiff would not face an undue threat in D facility because of events during his previous incarceration there. *See id*. at 10 ¶ 27 (the Doe sergeant had assured plaintiff that "whatever happened was in the past don't worry"). However, "an inmate's mere verbal criticism of a government official, without indicating an intent to sue or pursue an administrative grievance, is not protected conduct." *West v. Livesay*, 2:19-cv-7190-VBF-KES, 2022 WL 17185985, at *4 (C.D. Cal. Aug. 10, 2022); *see also Bobadilla v. Knight*, 2:18-cv-1778-JAM-KJN, 2020 WL 4059183, at *7 (E.D. Cal. July 20, 2020) ("there is no clearly established

---

[7] A prisoner has no constitutional right to have the housing assignment of his choice. *See Olin v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976). However, an adverse action "need not independently deprive the plaintiff (prisoner or not) of a constitutional right." *Oliver v. Perez-Pantoja*, No. 5:19-cv-7957 EJD, 2023 WL 12033407, at *5 (N.D. Cal. March 24, 2023) (citing *inter alia Vignolo v. Miller*, 120 F.3d 1075, 1078 (9th Cir. 1997)). Adverse actions may include a harm or a threat of harm that would chill a person of ordinary firmness from complaining. *Shepard v. Quillen*, 840 F.3d 686, 691 (9th Cir. 2016) (placement in administrative segregation or threat to do so); *Vignolo*, 120 F.3d at 1078 (discharge from prison job); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (transfer to a different prison).

8

Supreme Court or Ninth Circuit authority finding that a prisoner's verbal complaints concerning matters not related to inmate grievances or litigation constitute protected conduct"). The complaint also fails to allege that plaintiff reported his attacker's comment to any of the defendants, or that any of the defendants was responsible for the time plaintiff spent in the holding cage. The holding cage allegations therefore fail to state the first three elements of a retaliation claim – i.e., that any of the defendants kept plaintiff in the holding cage for an excessive time because of plaintiff's protected speech.

### Summary

The complaint does not state any cognizable claim against Polayo, Ortiz, Merced, or the Doe sergeant. It does state a cognizable First Amendment retaliation claim against Mendoza, but does not state an Eighth Amendment failure to protect claim against Mendoza.

### Doe Defendant

Should plaintiff choose to file an amended complaint, then regarding any claim against the Doe sergeant in an amended complaint, the court notes that the use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Should plaintiff learn the identity of the "Doe," he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add him as a defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unknown defendants.

### Amended Complaint

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct the deficiencies identified in this screening order. Plaintiff is not obligated to amend the complaint; he may instead choose to proceed only on his First Amendment retaliation claim against Mendoza.

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**Order**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, a potentially cognizable claim for violation of the First Amendment against defendant Mendoza.

2. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: October 28, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Attachment

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ANDROSHCHUK, Plaintiff,

v.

POLAYO, et al., Defendants.

No. 2:24-cv-1914-EFB (P)

**<u>NOTICE OF ELECTION</u>**

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) \_\_\_\_\_ proceed only with the First Amendment claims against Mendoza.

OR

(2) \_\_\_\_\_ delay serving any defendant and file an amended complaint.

_____

Plaintiff

Dated: