UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDROSCHUK,<br>Plaintiff,<br>v.<br>POLAYO, et al.,<br>Defendants. | No. 2:24-cv-01914-EFB (PC)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's amended complaint (ECF No. 16), motion to consolidate this case with Eastern District Case No. 2:25-cv-00397-JDP (ECF No. 15), and motion to proceed on plaintiff's claims against defendant Mendoza (ECF No. 19).

**I. Motion to Consolidate and to Proceed Against Mendoza**

In screening plaintiff's complaint, the court found that he had stated a potentially cognizable retaliation claim against defendant Mendoza concerning an incident at Kern Valley State Prison (KVSP) in 2023. The court dismissed all other claims with leave to amend. ECF No. 14. The court instructed plaintiff to notify the court within 30 days whether he would proceed on the claim against Mendoza or amend the complaint. *Id.* In response, plaintiff filed a motion to consolidate (ECF No. 15) and an amended complaint (ECF No. 16), naming as defendants Mendoza and two correctional officers at Mule Creek State Prison (MCSP),

defendants Brewer and Corralejo.

While the motion to consolidate was pending, Judge Peterson screened plaintiff's complaint in Case No. 2:25-cv-00397-JDP, dismissing plaintiff's claims against Mendoza as improperly joined to claims against correctional staff at MCSP concerning events in 2022. Judge Peterson also found service inappropriate for defendant Brewer, an MCSP officer, due to insufficient factual allegations in the complaint. E.D. Cal. Case No. 2:25-cv-00397-JDP, ECF No. 26).

Plaintiff then filed in this action (2:24-cv-01914) a motion requesting to proceed on his claims against Mendoza, recognizing that Judge Peterson's ruling foreclosed his attempt at amending the complaint to add claims against MCSP defendants and to consolidate the two actions. ECF No. 19. It thus appears that plaintiff has abandoned his motion for consolidation and no longer seeks to combine his claims against MCSP defendants (concerning 2022 events) with claims against KVSP defendants (concerning 2023 events). For that reason, and because Judge Peterson has already found consolidation improper, the court will deny plaintiff's motion to consolidate and grant plaintiff's motion to proceed solely against defendant Mendoza.

**II. The Amended Complaint**

Because Judge Peterson has determined that plaintiff must pursue his claims against MCSP staff in a separate suit from his claims against defendant Mendoza, plaintiff's claims against defendants Brewer and Corralejo must be dismissed without further leave to amend. Plaintiff's remaining claims, against defendant Mendoza, consist of a retaliation claim the court has previously found potentially cognizable and a failure-to-protect claim that the court dismissed as insufficiently pled. ECF No. 14. Because the court has already found the retaliation claim potentially cognizable, it will review here only plaintiff's failure-to-protect claim.

To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id.* "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Id*. Plaintiff alleges that he informed defendant Mendoza of safety concerns due to his "R-suffix" (indicating conviction for a sex offense), but Mendoza told him to "man up" and that staff was not willing to help plaintiff because plaintiff filed complaints against staff. ECF No. 16 at 11. Thereafter, plaintiff was assaulted, sustaining "serious blows to the head." *Id.* at 12. These allegations suffice to state a potentially cognizable failure-to-protect claim against Mendoza.

**III. Order and Recommendation**

For these reasons, it is hereby ORDERED that:

1. Plaintiff's motion to consolidate (ECF No. 15) is DENIED;
2. Plaintiff's motion to proceed solely on his claims against defendant Mendoza (ECF No. 19) is GRANTED;
3. Plaintiff has stated potentially cognizable retaliation and failure-to-protect claims against defendant Mendoza;
4. The Clerk of Court randomly assign a district judge to this action.

It is further RECOMMENDED that plaintiff's claims against defendants Brewer and Corralejo be dismissed without prejudice and without leave to amend. Should the district judge adopt this recommendation, the court will direct service of the amended complaint on defendant Mendoza.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE